UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, o/b/o BANKRUPTCY ESTATE OF DAGWOOD'S SANDWICH SHOPPE, LLC | CIVIL ACTION<br><br>NO:  09-3487<br><br>SECTION:  "A" (4) |
| VERSUS | |
| LAMAR BERRY, ET AL. | |

### ORDER AND REASONS

Before the Court is **Defendant Greenwich Insurance Company's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b)** (Rec. Doc. 91).  The Motion, set for hearing on October 28, 2009, is before the Court on the briefs, and is opposed by all other parties to this litigation.  Greenwich seeks entry of final judgment to facilitate its appeal of a prior ruling by the Court construing terms in an insurance policy relevant to the instant litigation.  For the reasons that follow, the motion is **DENIED**.  Nevertheless, the Court finds the ruling that is the subject of the Motion to be suitable for appeal pursuant to 28 U.S.C. § 1292(b), and therefore certifies such ruling for appeal.

## I. BACKGROUND

This dispute arises from the bankruptcy of Dagwood's Sandwich Shoppe, LLC ("Dagwood"), a Louisiana limited liability company that was formed on October 19, 2005. *See* First Amended Complaint at ¶¶ 17 & 19, *Official Committee of Unsecured Creditors v. Lamar Berry, et al.*, No. 09-3487 (E.D. La. July 22, 2009) ("FAC"). Dagwood was organized with the intent of becoming a competitive chain franchise in the sandwich restaurant industry. FAC at ¶ 19. The company, however, never became profitable and filed for bankruptcy on April 4, 2008. *Id.* The Committee of Unsecured Creditors ("Committee"), the Plaintiff in this action, was appointed by the Office of the United States Trustee, pursuant to § 1102 of the Bankruptcy Code, on May 6, 2008, to prosecute this action on behalf of Dagwood's bankruptcy estate. FAC at ¶ 3. In this action, filed on January 23, 2009, the Committee alleges that a pattern of mis-management and inadequately supervised self dealing involving Dagwood's directors and officers and the principals of Defendant International Marketing Systems, Inc. ("IMS") caused Dagwood, a company that was "poised to become competitive," to fail. *See* FAC.

According to the Committee, the relevant history of alleged mismanagement began on October 26, 2005 when Dagwood's Board of Managers ("BoM"), Defendants Lamar Berry, Dean Young, Robert Myers, Robert Coston, Gary Dickson and William Ryan authorized its Chairman, Young, to hire IMS to provide management services for Dagwood.[1] FAC at ¶ 20. IMS is owned principally by Berry, and Dickson is its president. *Id.* Pursuant to Dagwood's

---

[1] In addition to being the co-founder of Dagwood and former chairman of its BoM, Young is also the head writer of the comic strip Blondie, the source of both Dagwood's name and the theme of its restaurants. *See* http://en.wikipedia/wiki/Dean_Young_(cartoonist) (last visited Nov. 23, 2009).

agreement with IMS, Berry would serve as Dagwood's chief executive officer ("CEO") and Dickson would devote fifty percent of his time to supporting Berry and providing other management services to Dagwood.  FAC at ¶¶ 21-22.  In return, Dagwood agreed to pay a monthly fee of $45,000 to IMS, reimburse it for travel expenses, and provide Berry with a vehicle and housing allowance in the sum of $4,500 per month and a $100 per diem.  *Id.* at  ¶ 23.  In June 2006, the BoM voted to employ Berry directly as Dagwood's CEO at an annual salary of $450,000, while continuing to pay the monthly fee of $45,000 to IMS.  *Id* at ¶ 24.  Meanwhile, Young, Coston and Ryan, as members of the BoM, approved compensation for themselves which the Committee alleges was excessive.  *Id.* at ¶ 30.

The Committee alleges that Dagwood was also thoroughly mismanaged, claiming that its financial projections were not grounded in reality, and that the BoM approved expenditures far beyond the company's ability to pay.  *Id.* at ¶¶ 32 & 33.  The final allegation of mismanagement is that the BoM, after fielding various offers of financing from "lenders and/or investors," selected what the Committee alleges to be an inferior offer from Vaughn Cimini, "an equity holder and insider of the company."  *Id.* at ¶ 35.  The Committee further alleges that Dagwood held an insurance policy issued by Greenwich Insurance Company ("Greenwich") insuring it against losses from alleged mismanagement that was in effect at all pertinent times.  *Id.* at ¶ 36.

Based on these allegations, the Committee has asserted numerous causes of action against Lamar Berry, Dean Young, Robert Myers, Robert Coston, Gary Dickson, William Ryan ("Original BoM Defendants"), Lance Harris, another Dagwood board member, David Pertl, Dagwood's Vice President of Finance, Kassi Burns, Dagwood's in-house counsel, IMS and

Greenwich.[2]  Namely, the Committee has accused the Original BoM Defendants of failure to retain key manager, two counts of approval of excessive compensation (to Berry and IMS as well as to Young, Coston and Ryan), two counts of approval of self dealing (by Berry and Dickson as well as by Young, Coston and Ryan), excessive spending and corporate waste, and failure to implement corporate controls.  The Committee has accused the Original BoM Defendants and Harris of failure to accept a corporate opportunity and has accused IMS of breach of contract.  Finally, the Committee also leveled a direct action against Greenwich in accordance with Louisiana's Direct Action statute, La. R.S. 22:655.

The instant Motion concerns a ruling the Court issued on Sept. 8, 2009 regarding the interpretation of a provision of Dagwood's insurance contract with Greenwich ("Ruling" or "Order").  Greenwich's insurance contract, absent certain limitations, covers not only Dagwood's potential losses from particular actions taken by its directors and officers, but also obligates it to defend Dagwood's directors and officers in the event that they are sued in those capacities.  Greenwich argued in a motion for partial summary judgment that one of the limitations in its insurance policy with Dagwood, the "insured vs. insured" exception, excused it from any obligations related to this litigation.  *See* Greenwich's Memorandum in Support of Cross Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment at 2, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. July 22, 2009).  Under this clause, Greenwich argued that it bears no obligations here

---

[2]Though not abundantly clear from the FAC, the Court infers that Lance Harris became a board member later in the sequence of events because the only cause of action as to Harris is the failure to accept corporate opportunity arising out of the BoM's acceptance of financing from Cimini.  *Compare* FAC at ¶ 45 and FAC at ¶ 46.

because one insured, Dagwood, is suing another, Dagwood's former directors and officers. *Id.* The Court found, however, that the instant suit fell within a listed exception to the "insured vs. insured" exclusion because it was brought by an "authority of the Company" comparable to "the Bankruptcy Trustee . . . examiner of the Company . . . an[] assignee of such Trustee or Examiner [] or [a] Receiver, Converservator, Rehabilitator, or Liquidator." *See* Memorandum in Support of The Committee's Motion for Partial Summary Judgment at 18, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. June 1, 2009). In the Motion currently before the Court, Greenwich seeks the Court to declare that its ruling on this issue constitutes a final judgment pursuant to Fed. R. Civ. Proc. 54(b). For the reasons that follow, the Court finds that its Sept. 8, 2009 ruling is not sufficiently final to be considered a "final judgment," but does find that the Ruling is suitable for appeal under 28 U.S.C. § 1292(b) ("1292(b)").

## II. DISCUSSION

### a. LEGAL STANDARD

In an action involving more than one claim for relief, or when multiple parties are involved, Federal Rule of Civil Procedure 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. Proc. 54(b). Accordingly, the judgment must concern a separate and distinct claim (or claims), and it must in fact be a final determination of that claim (or claims). *See N.W. Enter. Inc.v. City of Houston*, 352 F.3d 162, 179 (5th Cir. 2003). The decision whether or not to make a Rule 54(b) determination is "left to

the sound judicial discretion of the trial court." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002), *citing Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.E.2d 1 (1980).

### b. Analysis

Greenwich advances several arguments in favor of its assertion that the Court's September 8, 2009 Order should be entered as a final judgment pursuant to Fed. R. Civ. Proc. 54(b). Greenwich argues that the Ruling "constitutes a complete adjudication of a threshold coverage issue asserted by Greenwich as a complete bar to coverage." Defendant Greenwich Insurance Company's Memorandum in Support of its Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) at 5, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. Sept. 22, 2009) ("Motion for Final Judgment"). It also argues that there is "no just reason" to delay entry of final judgment based on a number of factors district courts have considered in making this determination, arguing, *inter alia*, that the Ruling dealt with a claim distinct from the remaining claims in the case, and that it intends to appeal regardless as to future developments in the litigation. *Id.* at pp. 6-12.

The Committee counters that Fed. R. Civ. Proc. 54(b) is inapplicable to the Ruling because the Ruling concerned "an affirmative defense," not a "claim." Plaintiff's Opposition to Defendant Greenwich Insurance Company's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) at 5, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. Oct. 6, 2009) ("Committee Oppos."). Defendants Berry, Dickson and IMS argue, among other things, that the Ruling was not a "final determination"

because it did not decide "all issues pertaining to Greenwich's coverage." Memorandum in Opposition to Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Article 54(b) at 4, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. Oct. 6, 2009). The remaining defendants argue that Greenwich's Motion For Final Judgment is just an attempt to eschew its obligations to provide defense costs. *See, for example* Opposition on Behalf of Robert Coston to Greenwich Insurance Company's Motion for Entry of Final Judgment at 1, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. Sept. 28, 2009).

In assessing the propriety of entering final judgment under Fed. R. Civ. Proc. 54(b), the district court must find that the ruling on which a finding of final judgment is sought is a sufficiently "final" determination of a claim. *See N.W. Enter. Inc.v. City of Houston*, 352 F.3d 162, 179 (5th Cir. 2003). The Court's Ruling specifically concerns an affirmative defense to obligations under Greenwich's insurance contract with Dagwood, and authority exists that rulings concerning defenses are not appropriate for entry of final judgment under Fed. R. Civ. Proc. 54(b). *See* 10 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 2655 n. 9 (2d ed. 2008); *Smith v. Benedict*, 279 F.2d 211 (7th Cir. 1960); *Flynn & Emrich Co. V. Greenwood*, 242 F.2d 737 (4th Cir. 1957)*, cert denied* 77 S.Ct. 1060, 353 U.S. 976, 1 L.Ed.2d 1137; *U.S. Plywood v. Hudson Lumber Co.*, 210 F.2d 462 (2nd Cir. 1954). More broadly construed, however, the Court's Ruling *relates* to two claims: the claim that Greenwich is obligated to indemnify Dagwood' bankruptcy estate, and the claim that Greenwich is obligated to provide for the defense of Dagwood's former officers and directors who are defendants in this

lawsuit. It is therefore more significant, for purposes of whether or not entry of final judgment is appropriate, that the Ruling only determined that one particular defense to these coverage claims is not applicable. *See* Motion for Final Judgment at 2 (stating that Greenwhich's other defenses are not currently ripe for determination). Since Greenwich has remaining defenses to coverage, there are outstanding issues to be decided before there can be a final decision on these coverage claims. The Ruling is therefore not the final determination of a claim, and the Court cannot certify it as final under Fed. R. Civ. Proc. 54(b). *See Horn v. Transon Lines, Inc.*, 898 F.2d 589 (7th Cir. 1990) (Easterbrook, J.)

Greenwich's Motion for Entry of Final Judgment seeks the Court to determine that its Ruling on the insured vs. insured exception is a "final judgment." The Committee argues that the applicability of a coverage exception in an insurance policy, which was the subject of the Court's Ruling, is a defense, not a claim, and therefore not appropriately considered a final judgment under 54(b). There is some authority for this proposition. *e.g. Smith*, 279 F.2d 211. Greenwich counters that the obligation to pay for defense costs, a claim to which the exception relates, is routinely the subject of appeal and cites numerous cases in support. *e.g. St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 337-38 & n. 9 (5th Cir. 1997). The Committee counters that the cases cited by Greenwich revolve around claims, not defenses, and are therefore inapposite to this argument. *See* Official Committee of Unsecured Creditors' Sur-Reply Brief in Opposition to Greenwich's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) at 3, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. Aug. 7, 2009). This argument is not without merit, though

it is difficult to say with absolute certainty that, since the Court's ruling specifically concerns an exception to coverage, it is not also a ruling on a claim.

It is true that the insured vs. insured exception is an affirmative defense on which Greenwich bears the burden of proof. This supports the interpretation that the Court's Ruling concerns a defense and not a claim. On the other hand, since Louisiana follows the "eight corners" rule in determining duty to defend, the Ruling does effectively determine, *pending further discovery*, that Greenwich is obligated to pay for defense costs, and therefore, for the time being, effectively adjudicates some of the rights and responsibilities of the parties. *Steptore v. Masco Constr. Co.*, 93-2064, pp. 8-9 (La. 8/18/94); 643 So. 2d 1213, 1218; *Adams v. Frost*, 43, 503, pg. 8 (La. App. 2 Cir. 8/20/08); 990 So. 2d 751, 756 ("The issue of whether a liability insurer has the duty to defend [a] civil action against its insured is determined by the application of the 'eight-corners rule,' under which . . . the 'four corners' of the [complaint are compared to] the 'four corners' [of the insurance] policy." This determination can therefore be made as soon as the complaint is filed.). This makes the subject matter of the Ruling seem somewhat like a claim. In addition, rulings on duty to defend are apparently routinely appealed under Fed. R. Civ. Proc. 54(b), a fact demonstrated by most of the litany of cases cited by Greenwich in its Reply. *e.g. St. Paul Mercury Ins. Co*, 123 F.3d at 337-38 & n. 9; *Iowa Physicians Clinic Med. Found. v. Physician's Ins. Co. of Wis.*, No. -07-4012, 2008 WL 268758 at *3-*4 (C.D. Ill. Jan. 29, 2008), *aff'd*, 547 F.3d 810 (7th Cir. 2008). What the cases cited by Greenwich in its Reply lay bare, however, is that the determination of a duty to defend is considered on appeal after entry of final judgment under Fed. R. Civ. Proc. 54(b) *only* when there has been a genuinely final

ruling on such a claim. *e.g. Id.*; *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 323 F. Supp. 2d 709, 722-23 (E.D. Va. 2004), *aff'd in part, rev'd in part on other grounds*, 407 F.3d 631 (4th Cir. 2005); *Pac. Ins. Co. v. Burnet Title, Inc.*, No. 02-2767, 2003 WL 22768232 at *3-*4 (D. Minn. Nov. 21, 2003); *Taco Bell Corp. v. Cont'l Cas. Co.*, No. 01-0438, 2003 WL 21372473 at *1-*2 (N.D. Ill. June 11, 2003), *aff'd in part, rev'd in part on other grounds*, 388 F.3d 1069 (7th Cir. 2004).

Greenwich argues that the Ruling qualifies for entry of final judgment because it is the only defense in the policy which would excuse it from paying defense costs *at this stage in the litigation*. Motion for Final Judgment at 2. The fact that further defenses will only become ripe later in the litigation, however, is an argument against, not for, Fed. R. Civ. Proc. 54(b) treatment.[3] An entry of final judgment under Fed. R. Civ. Proc. 54(b) certifies that the judgment of the district court on the applicable claim is final, and would therefore subject the Court to a very short window of time in which to amend the ruling. *Millville Quarry, Inc. v. Liberty Mut. Fire Ins. Co.*, 217 F.3d 839, 2000 WL 1005202 at *3 (4th Cir. 2000), *unreported*; Fed. R. Civ. Proc. 59(e); *see also Carrigan v. Exxon Co. U.S.A.*, 877 F.2d 1237, 1239 n. 6 ("A panel of this court determined that no final judgment had been entered by the district court under Federal Rule of Civil Procedure 54(b) . . . and therefore ruled that the district court remained free to amend its judgment."). An inability to amend its Ruling that Greenwich was not in fact obligated to pay for defense costs, if the Court were to so construe the Ruling, would place the Court in an

---

[3]Greenwich asserts that it will not be able to assert these defenses "until after trial," but it does have the option of moving for a summary judgment ruling on its defenses at such point in time as sufficient evidence has been gathered to allow the Court to rule on them.

untenable position if further fact finding compelled the conclusion that Greenwich was *not* in fact required to pay for defense costs.

If the Court certified its Ruling as final under Fed R. Civ. Proc. 54(b), Greenwich would appeal the Ruling - its entire purpose in moving for entry of final judgment. Assuming Greenwich loses this appeal, and is subsequently able to prove one of its other defenses, thereby negating its duty to defend, Greenwich would have no choice but to appeal again in order change the Court's ruling on the issue. Such a scenario would be wasteful of the Court's, and the Fifth Circuit's, resources. This possibility underscores why Fed. R. Civ. Proc. 54(b) treatment is only afforded to final determinations of claims, not partial, preliminary determinations. *See Horn v. Transon Lines, Inc.*, 898 F.2d 589 (7th Cir. 1990)(Easterbrook, J.). The Ruling is not the final determination of a claim, and the Court must therefore deny Greenwich's request to certify it as final under Fed. R. Civ. Proc. 54(b). *N.W. Enter. Inc.*, 352 F.3d at 179.

Nevertheless, the Court does find the Ruling to be suitable for appeal under 1292(b). The Court's Ruling concerned a controlling question of law in that it effectively adjudicated, at this stage of the litigation, that Greenwich is obligated to provide for the defense costs of Dagwood's former directors and officers who are defendants in this litigation. It also narrowed Greenwich's defenses to the claim that it must indemnify Dagwood's bankruptcy estate for the damages allegedly resulting from the actions detailed in the Committee's complaint. Though the Court believes its Ruling was correct, there is substantial ground for difference of opinion concerning the Ruling given the paucity of Fifth Circuit precedent directly addressing the subject matter of

the Ruling. Finally, the Court finds that an immediate appeal of its Ruling will materially advance the ultimate termination of this litigation by clarifying the rights and responsibilities of the parties and narrowing the extant legal issues.

A district court can certify an order as appealable under 1292(b) if it finds that the order (1) involves a controlling question of law as to which there is (2) a substantial ground for difference of opinion and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3930 (2d ed. 2008). A certification of appealability under 28 U.S.C. § 1292(b) must contain writing indicating that these factors have been met. *Assoc. of Co-op. Members inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1137 n. 3 (5th Cir. 1982), *cert. denied* 103 S. Ct. 1428, 460 U.S. 1038, 75 L.Ed.2d 788. The Fifth Circuit has recently clarified that this writing should contain more than a recitation of the 1292(b) factors. *Linton v. Shell Oil Co.*, 563 F.3d 556, 558 (5th Cir. 2009). Orders concerning questions of fact are not suitable for appeal under 1292(b) because appellate courts are "unaccustomed and ill-suited [to the] role of factfinder[]." 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3930 (2d ed. 2008); *see Clark-Dietz & Assocs.-Engrs. V. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

The Court finds that its Ruling concerns a controlling question of law. "[Q]uestions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial." 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3930 (2d ed. 2008). As previously

discussed, the Court's ruling triggered Greenwich's duty to defend Dagwood's former directors and officers who are defendants in this litigation. This obligation will require Greenwich to incur substantial costs over the course of what is likely to be relatively complex and protracted litigation. Though Greenwich has other possible defenses to excuse itself from this obligation, such defenses will not accrue until later in the litigation. Motion for Final Judgment at 2. If the Court's Ruling stands on appeal, it will obviate Greenwich's stated intention to later appeal the issue of the insured vs. insured exception and therefore provide greater clarity to the potential rights and liabilities of the parties and thereby facilitate resolution of the controversy. *See* Richard A. Posner, Strict Liability: A Comment, 2 J. Legal Stud. 205, 209 (1973). If the Ruling is reversed, the Court assumes, without deciding, that Greenwich will no longer be a party to this action, which would narrow the legal issues before the Court while also providing greater clarity regarding the rights and responsibilities of the parties.

The Court also finds that there is substantial ground for disagreement concerning the subjects of its Ruling, the applicability to the instant litigation of the insured vs. insured defense and the exception thereto for actions brought by the bankruptcy trustee or like entity. Fifth Circuit precedent suggests that the insured vs. insured exception should apply to this litigation. *See In re Louisiana World Exposition,* 858 F.2d 233, 246-47 (5th Cir. 1988). This Court acknowledges that a Delaware court opinion clearly addressing the insured vs. insured exception arguably indicates the contrary. *See Cirka v. National Union Fire Ins. Co.*, No. 20250, 2004 WL 1813283 (Del. Ch. Aug. 6, 2004). This Court does not find the Delaware court opinion to be binding precedent. Similarly, there are grounds for disagreement concerning the "bankruptcy

trustee" or like entity exception to the insured vs. insured defense.  On the one hand, the administrative powers of a creditor's committee, for example, are not identical to those of a bankruptcy trustee.  The Court found, however, that the construction of the exception was ambiguous, that the most logical interpretation of the exception was that it should extend to claims brought in the bankruptcy context, and that, given the ambiguity, the provision should be construed in favor of coverage.  *Capitol Anesthesia Group, P.A. v. Watson*, 2008-1149 at 3, (La. App. 3 Cir. 3/4/09); 7 So. 3d 51, 54 *citing Westerfield v. LaFleur*, 493 So.2d 600 (La. 1986) ("Ambiguous terms in an insurance contract are construed liberally in favor of the person claiming coverage.").

Finally, the Court also finds that an immediate appeal may materially advance the litigation.  Again, should the Court's Ruling stand, the greater clarity provided thereby will facilitate resolution of this controversy.  Should the Ruling be reversed, then the Court assumes, without deciding, that issues of insurance coverage will no longer be a part of the litigation.

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that **Defendant Greenwich Insurance Company's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b)** (Rec. Doc. 91) is **DENIED**;

**IT IS FURTHER ORDERED** that the Court's Sept. 8, 2009 Order on The Official Committee of Unsecured Creditor's Motion for Partial Summary Judgment, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. June 1, 2009) and

Greenwich Insurance Company's Cross Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, *Official Committee of Unsecured Creditors v. Lamar Berry , et al.*, No. 09-3487 (E.D. La. July 22, 2009) is **CERTIFIED FOR APPEAL** pursuant to 28 U.S.C. § 1292(b);

**IT IS FURTHER ORDERED** that the stay currently in place in this litigation is **LIFTED** only to the extent necessary to permit Defendant Greenwich Insurance Company's 28 U.S.C. § 1292(b) appeal of the Court's Sept. 8, 2009 Order in compliance with applicable deadlines.

This 17th day of December 2009.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE